**KIAN HWA KWEE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75901.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed May 8, 2008.

Cindy S. Chang, Esq., Law Offices of Cindy S. Chang, Walnut, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BEEZER, and HALL, Circuit Judges.

### MEMORANDUM **

Petitioner Kian Hwa Kwee, a citizen of Indonesia of Chinese descent, petitions for review of the Board of Immigration Appeal's (BIA) final order of removal and denial of eligibility for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and deny the petition for review.

Because the BIA expressly adopted and affirmed the immigration judge's (IJ) entire decision, we review the IJ's decision as if it were that of the BIA. *Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). The IJ's determinations that a petitioner is not eligible for withholding of removal is reviewed under the substantial evidence standard, and reversal is proper only if the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). Adverse credibility findings are also reviewed for substantial evidence, though a credibility determination must be supported by "specific and cogent" reasons, and any noted inconsistencies in the petitioner's testimony must "go to the heart of the asylum claim." *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004) (citation and quotation omitted).

Kwee argues that the IJ's adverse credibility finding is unsupported by substantial evidence. To the contrary, the IJ gave "specific and cogent" reasons for his adverse credibility finding. *Id.* The IJ cited Kwee's vague and contradictory testimony with respect to the two alleged incidents of persecution in Indonesia. The inconsistencies in Kwee's testimony, involving the sole incidents of alleged persecution Kwee experienced, were not minor, but rather went "to the heart" of his claim. *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

Because Kwee's testimony was properly discredited, and because he does not argue that any other evidence supports his claim,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

we affirm the IJ's finding that he was ineligible for withholding of removal. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

REVIEW DENIED.